IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dennis Temple, | ) | C/A No.  6:13-144-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Oconee County; Sheriff James Singleton; Major Steve Pruitt; Lieutenant Unknown Fostervold; Sergeant Dallas Shirley; Officer Robert Whitfield; Officer David Wald; Officer Wayne Hill; Officer Tim Williamson; Officer Ray Armstrong; Officer Joy Hunter; Officer Scott Arnold; Sergeant Kevin Cain; Lieutenant Greg Reed; Officer Travis Overton; Officer Beverly Siegler; Officer Cindy Beckett; Sergeant Roger Foster; Sergeant Brenda Wallis; Sergeant Renita Rohletter; Officer Lori McAllister; Officer Rudy Steele; Officer Zachary Lombardi; Officer Lisa Herbert; Officer Lindsey McKinney; Officer Jason Addis; Officer Gene Evans; Officer Rick Oakley; Officer Jonathon Jerde; Officer John Charles; Officer Maria Melendez; Officer Denise Chasteen; Officer Tyrone Merck; and Officer Patrina Blassingame, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The *pro se* plaintiff, Dennis Temple, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights.  The plaintiff is a state prisoner serving a 100-year sentence upon his conviction for kidnapping and sexually assaulting a college student, and grand larceny.  At issue in this litigation are certain actions allegedly

1

taken with regard to the plaintiff while he was a pretrial detainee at the Oconee County Detention Center (OCDC) awaiting trial. Plaintiff's claims primarily arise out of his placement in administrative segregation while he was being held as a pretrial detainee. At the conclusion of his 48-page complaint, the plaintiff seeks compensatory damages of $5,000,000 and punitive damages of $10,000,000 at the hands of numerous law enforcement officers and other officials.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the defendants' motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and he has done so in a 75-page objection memorandum. In each and every objection, the plaintiff contends that the Magistrate Judge has "mischaracteriz[ed]...his meritorious...claim." Plaintiff then goes on to reassert and reargue the basic allegations in the underlying complaint. Although lengthy and prolix, the plaintiff's objection memorandum does not address in any meaningful

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

way the legal analysis provided by the conscientious Magistrate Judge who handled this case. As such, the objections are overruled. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court adopts and incorporates the Magistrate Judge's Report herein by reference. Accordingly, the defendants' motion for summary judgment (ECF No. 85) is granted.

IT IS SO ORDERED.

September 8, 2014            Joseph F. Anderson, Jr.
Columbia, South Carolina       United States District Judge